IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAITRAM, L.L.C., and INTRALOX, L.L.C., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _______________ |
| | ) | |
| ASHWORTH BROS., INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Laitram, L.L.C. and Intralox, L.L.C. (collectively, Plaintiffs), by their counsel, and for their Complaint against Defendant, Ashworth Bros., Inc., allege as follows:

**THE PARTIES**

1. Laitram, L.L.C. (Laitram) is a limited liability company organized and existing under the laws of the state of Louisiana and having its principal place of business at 200 Laitram Lane, Harahan, Louisiana 70123.

2. Intralox, L.L.C. (Intralox) is a limited liability company organized and existing under the laws of the state of Louisiana and having its principal place of business at 200 Laitram Lane, Harahan, Louisiana 70123.

3. Intralox is a wholly owned subsidiary of Laitram.

4. Laitram is the owner and assignee of all rights, title, and interest in and to U.S. Patent No. 10,023,388 ('388 patent) and U.S. Patent No. 10,189,645 ('645 patent), and has all necessary rights to bring this action.

5. Intralox is the exclusive licensee of the '388 patent and the '645 patent and has a substantial interest in those patents to make it a necessary party to this litigation.

6. Plaintiffs are engaged in the business of, among other things, manufacturing and selling industrial machinery including conveyance systems, conveyor belts, and related equipment utilizing the technology of the '388 patent and '645 patent.

7. Upon information and belief, Defendant Ashworth Bros., Inc., (Ashworth) is a corporation organized and existing under the laws of the state of Delaware and has its headquarters at 222 Milliken Boulevard # 7, Fall River, MA 02721.

8. Upon information and belief, Ashworth is engaged in the business of manufacturing, distributing, and selling conveyance systems, conveyor belts, and related equipment.

9. Ashworth is a direct competitor of Plaintiffs.

## JURISDICTION AND VENUE

10. This is an action for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

11. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this District under 28 U.S.C. § 1400.

13. This Court has personal jurisdiction over Ashworth at least because Ashworth is incorporated in Delaware.

## THE PATENTS IN SUIT

14. On July 17, 2018, the U.S. Patent and Trademark Office duly and legally issued the '388 patent. A copy of the '388 patent is attached as Exhibit A.

15. The '388 patent is a divisional of U.S. Patent Application No. 13/805,608, filed January 18, 2013, now U.S. Patent No. 9,481,523, which is a 371 of PCT/US11/43352, filed

July 8, 2011, which claims the benefit of U.S. Provisional Patent Application No. 61/479,620, filed April 27, 2011, and is a continuation-in-part of U.S. Patent Application No. 12/834,314, filed on July 12, 2010, now U.S. Patent No. 8,181,771.

16. On January 29, 2019, the U.S. Patent and Trademark Office duly and legally issued the '645 patent. A copy of the '645 patent is attached as Exhibit B.

17. The '645 patent is a continuation of U.S. Patent Application No. 15/337,147, filed October 28, 2016, now U.S. Patent No. 10,023,388 which is a divisional of U.S. Patent Application No. 13/805,608, filed January 18, 2013, now U.S. Patent No. 9,481,523, which is a 371 of PCT/US11/43352, filed July 8, 2011, which claims the benefit of U.S. Provisional Patent Application No. 61/479,620, filed April 27, 2011, and is a continuation-in-part of U.S. Patent Application No. 12/834,314, filed July 12, 2010, now U.S. Patent No. 8,181,771.

18. Both the '388 patent and the '645 patent are generally directed to a spiral conveyor system in which a conveyor belt is positively driven in a helical path around a rotating drive tower. Such spiral conveyor systems are used in the food industry to, for example, proof bread and freeze pies.

19. In general, the inventions set forth in the '388 patent and '645 patent reduce belt tension by reducing the diameter of the helical path of the conveyor belt as it enters the drive tower and allows the conveyor belt and the rotating drive tower to engage positively, without slip, which eliminates overdrive and makes operation of conveying equipment reliably smooth.

20. Under 35 U.S.C. § 282, Laitram's '388 and '645 patents are presumed valid.

21. Plaintiffs make, use, sell, and offer for sale components for building conveyor systems under the trade name " DirectDrive™ Spiral System" that practice the inventions set forth in the claims of the '388 and '645 patents.

**BACKGROUND**

22. Plaintiffs are leaders in the design, engineering, and manufacture of belting products, conveying technologies, and material handling solutions, including specifically the DirectDrive™ Spiral System.

23. The DirectDrive™ Spiral System utilizes technology that allows the drive tower to engage the conveyor belt's inside edge to drive the conveyor belt along a helical path.

24. Plaintiffs' DirectDrive™ Spiral System employs a number of novel and advantageous features including an innovative positive drive member. Many of these features, and positive drive spiral conveyor systems incorporating these features, such as the DirectDrive™ Spiral System are claimed and covered by the '388 patent and the '645 patent.

25. Plaintiffs sell the DirectDrive™ Spiral System throughout the United States.

26. The DirectDrive™ Spiral System is often used in the food industry where, for example, baked goods must be cooled—the baked goods enter the spiral conveyor at the bottom of the tower and, while traveling along the helical path, cool to the ideal temperature before exiting the system—before packaging. Not only does the invention facilitate cooling efficiency and line speed, but it also improves quality and control by maintaining product orientation.

27. A simplified depiction of the overall system and inventions of the '388 patent and '645 patent may be seen in exemplary FIG. 1 from the '388 patent, shown below, which generally depicts a drive tower (10), helically driven conveyor belt (20), and a plurality of parallel drive members (14) that positively engage and drive the conveyor belt:




FIG. 1

28. Ashworth is a direct competitor of Plaintiffs, and has attended many of the same trade shows that Plaintiffs have attended.

29. On information and belief, Ashworth is aware of Plaintiffs' DirectDrive™ Spiral System.

30. On information and belief, Ashworth is aware that Plaintiffs maintain a website, http://www.intralox.com, which features, at http://www.intralox.com/pat/, a listing of Plaintiffs' products and an identification of associated patent numbers including an identification of Plaintiffs DirectDrive™ Spiral System in association with the '388 and '645 patents (among others).

31. On information and belief, Ashworth is aware that Plaintiffs release videos on Plaintiffs' website, on Youtube.com, and elsewhere, including videos such as

https://www.youtube.com/watch?v=NIR6TQdV6kE which includes drawings from the patents at issue.

32. Ashworth is a sophisticated company that maintains a patent portfolio including patents directed to conveyors and conveyor drive systems.

33. In the prosecution of its patents and patent applications, Ashworth has cited Plaintiffs' patents and published applications to the Patent Office and had Plaintiffs' patents and published applications cited against Ashworth's patent applications by the Patent Office, including patents and published applications in the same family as those at issue in this suit.

34. On information and belief, Ashworth is aware of the patent applications forming the bases for the '388 and '645 patents.

35. On information and belief, Ashworth is also aware of the '388 and '645 patents.

36. Without authorization from Plaintiffs, Ashworth makes, uses, offers for sale, and sells infringing positive drive spiral conveyor systems, including systems under the trade name "PosiDrive Spiral Conveyor System" (Accused Products).

37. On information and belief, the relevant structure of the Accused Products is substantially and accurately described in U.S. Patent No. 9,884,723 ('723 patent), assigned to Ashworth, and for example, is depicted in FIG. 1 of the '723 patent reproduced below:




FIG. 1

38. Without authorization from Plaintiffs, Ashworth also provides parts and specific technological assistance to third parties, including instructions on how to make the Accused Products, and does so with the specific intent to induce such third parties to actually make and use the Accused Products.

39. Attached hereto as Exhibit C are images showing commercial embodiments of the Accused Products.

**COUNT 1**

**INFRINGEMENT OF THE '388 PATENT**

40. Plaintiffs incorporate by reference the allegations of paragraphs 1–39, above.

41. Upon information and belief, certain aspects of the Accused Products are illustrated in the following advertisements:







42. Ashworth has infringed at least claims 9–13 of the '388 patent by making, using, offering for sale, or selling Accused Products covered by those claims, and has induced infringement and contributed to infringement of those claims by providing parts and technological assistance to its customers to make and use Accused Products covered by those claims.

43. Ashworth has contributed to the infringement of claims 9–13 of the '388 patent by making and selling component parts, such as conveyors or drive members, to third parties that use the Accused Products, and such component parts do not have a non-infringing purpose.

44. Ashworth has induced others to infringe at least claims 9–13 of the '388 patent by providing specific technological assistance to others, including instructions on how to make the Accused Products, and, on information and belief did so with knowledge of the '388 patent and

with the specific intent to induce others to actually make and use the Accused Products that are covered by those claims. At least one third party has constructed and is operating at least one Accused Product that was built, at least in part, with parts and the technological assistance of Ashworth.

45. Despite Ashworth's knowledge of Plaintiffs' Direct Drive Spiral conveyor system and the '388 patent, Ashworth has continued to willfully infringe the '388 patent at least by its continued offering of the Accused Products for sale, including at tradeshows Ashworth attended in 2019.

46. As an example, claim 9 of the '388 patent reads:

> 9. A spiral conveyor comprising:
>
> a drive tower extending from a bottom to a top and rotating about a vertical axis;
>
> a plurality of parallel drive members extending in length from the bottom to the top of the drive tower;
>
> wherein each of the drive members includes an outwardly projecting ridge whose distance from the vertical axis varies from the bottom to the top of the drive tower; and
>
> wherein each drive member includes a lower segment at the bottom of the drive tower and wherein the ridge in the lower segment is tapered along a portion of its length;
>
> a conveyor belt positively driven without slip on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt.

47. Claim 10 of the '388 patent reads:

> 10. A spiral conveyor as in claim 9 wherein the distance of the ridge from the vertical axis in the lower segment is constant below the portion that is tapered.

48. Upon information and belief, certain aspects of the Accused Products' elements are in all relevant respects illustrated in the figures contained in Ashworth's '723 patent.

49. With reference to the figures of Ashworth's '723 patent, the following paragraphs identify, in non-exhaustive manner, the elements in Ashworth's '723 patent that, on information

and belief, correspond to elements of the Accused Products and in turn correspond to the elements of the claims of the '388 patent.

50. As shown in FIG. 1 of Ashworth's '723 patent (below), with respect to claims 9 and 10 of the ‘388 patent, the Accused Products (1) have a drive tower (10) extending from a bottom (64) to a top (63) and rotating about a vertical axis (3):




FIG. 1

51. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products have a plurality of parallel drive members (20) extending in length from the bottom (64) to the top (63) of the drive tower (10):




FIG. 6

52. As shown in FIG. 9 and FIG. 6 of Ashworth's '723 patent (below), each of the Accused Products' drive members (20 and 140) include an outwardly projecting ridge (23 and 121) whose distance from the vertical axis varies from the bottom (91 and 111) to the top (92 and 110) of the drive tower (10):




FIG. 9




FIG. 6

53. As shown in FIG. 22 of Ashworth's '723 patent (below), the Accused Products' drive members (1420) include a lower segment (1497) at the bottom of the drive tower (1410) and wherein the ridge (1421) in the lower segment is tapered along a portion of its length (1447):




FIG. 22

54. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products' conveyor belt is positively driven without slip on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt:




FIG. 6

55. As shown in FIG. 9 of Ashworth's '723 patent (below), the Accused Products are constructed such that the distance of the ridge (121) from the vertical axis in the lower segment (111) is constant (150) below the portion that is tapered (112):




FIG. 9

56. For example, claim 11 of the '388 patent reads:

11. A spiral conveyor comprising:

a drive tower extending from a bottom to a top and having a vertical axis of rotation;

a plurality of parallel drive members extending in length from the bottom to the top of the drive tower;

wherein each of the drive members includes a ridge projecting radially outward to an outer edge;

wherein each of the drive members includes a lower segment at the bottom of the drive tower and an upper segment extending from the lower segment toward the top of the drive tower;

wherein the distance of the outer edge of the ridge from the vertical axis of rotation is a first distance in the upper segment and the distance of the outer edge of the ridge from the vertical axis of rotation is a greater second distance in a lower portion of the lower segment;

a conveyor belt positively driven on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt.

57. Claim 12 of the '388 patent reads:

12. A spiral conveyor as in claim 11 wherein the distance of the outer edge of the ridge from the vertical axis of rotation in an upper portion of the lower segment increases from the first distance at the upper segment to the greater second distance at the lower portion of the lower segment.

58. Claim 13 of the '388 patent reads:

13. A spiral conveyor as in claim 12 wherein the distance of the outer edge of the ridge from the vertical axis of rotation in the upper portion of the lower segment increases linearly from the first distance to the greater second distance.

59. As shown in FIG. 6 of Ashworth's '723 patent (below), and with respect to claims 11-13 of the ‘388 patent, Ashworth makes, uses, offers for sale, and sells Accused Products having a drive tower (10) extending from a bottom (64) to a top (63) and having a vertical axis of rotation:




FIG. 6

60. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products have a plurality of parallel drive members (20) extending in length from the bottom (64) to the top (63) of the drive tower (10):




FIG. 6

61. As shown in FIG. 11 of Ashworth's '723 patent (below), each of the Accused Products' drive members (330) include a ridge (321) projecting radially outward to an outer edge:




FIG. 11

62. As shown in FIG. 8 of Ashworth's '723 patent (below), the Accused Products' drive members (8020) include a lower segment (8041) at the bottom of the drive tower (8010) and an upper segment (8043) extending from the lower segment toward the top of the drive tower:




FIG. 8

63. As shown in FIG. 9 of Ashworth's '723 patent (below), the Accused Products have drive members (140) wherein the distance of the outer edge of the ridge (121) from the vertical axis of rotation is a first distance (151) in the upper segment (110) and the distance of the outer edge of the ridge (121) from the vertical axis of rotation is a greater second distance (150) in a lower portion of the lower segment (111):




FIG. 9

64. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products have a conveyor belt positively driven on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt:




FIG. 6

65. As shown in FIG. 23 of Ashworth's '723 patent (below), the Accused Products are structured such that the distance of the outer edge of the ridge (1421) from the vertical axis of rotation in an upper portion of the lower segment (1448) increases from the first distance at the upper segment to the greater second distance at the lower portion of the lower segment (1497):




FIG. 23

66. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products are structured such that the distance of the outer edge of the ridge from the vertical axis of rotation in the upper portion of the lower segment (93) increases linearly from the first distance (92) to the greater second distance (91):




FIG. 6

67. Plaintiffs have suffered irreparable injury by virtue of Ashworth's acts of infringement.

68. Plaintiffs are without an adequate remedy at law.

69. Plaintiffs have also been damaged by Ashworth's acts of infringement in an amount that will be determined after Plaintiffs have had a reasonable opportunity for discovery.

70. Plaintiffs are entitled to a preliminary and permanent injunction and to an award of damages as a consequence of Ashworth's acts of infringement.

**COUNT 2**

**INFRINGEMENT OF THE '645 PATENT**

71. Plaintiffs incorporate by reference each of the allegations set forth in paragraphs 1–70.

72. Ashworth has infringed at least claims 1–4 of the '645 patent by making, using, offering for sale, or selling Accused Products covered by those claims, and has induced infringement and contributed to infringement by providing parts and technological assistance to its customers to make and use Accused Products covered by those claims

73. Upon information and belief, Ashworth has contributed to the infringement of at least claims 1–4 of the '645 patent by making and selling component parts, such as conveyors or drive members, to third parties that use the Accused Products, and such component parts do not have a non-infringing purpose.

74. Upon information and belief, Ashworth has induced others to infringe at least claims 1–4 of the '645 patent by providing specific technological assistance to others, including instructions on how to make the Accused Products, and, on information and belief did so with knowledge of the '645 patent and did so with the specific intent to induce others to actually make

and use the Accused Products that are covered by those claims. At least one third party has constructed and is operating at least one Accused Product that was built, at least in part, with parts and the technological assistance of Ashworth.

75. Despite Ashworth's knowledge of Plaintiffs' Direct Drive Spiral conveyor system and the '645 patent, Ashworth has continued to willfully infringe the '645 patent at least by its continued offering of the Accused Products for sale, including at tradeshows Ashworth attended in 2019.

76. As an example, claim 1 of the '645 patent reads:

> 1. A spiral conveyor comprising:
>
> a drive tower extending from a bottom to a top and rotatable about a vertical axis;
>
> a plurality of parallel drive members extending in length on the periphery of the drive tower from the bottom to the top;
>
> wherein the parallel drive members angle outwardly away from the vertical axis toward the bottom in a lower portion of the drive tower;
>
> a conveyor belt positively driven without slip in a helical path around the drive tower by the drive members engaging an inside edge of the conveyor belt.

77. Claim 2 of the '645 patent reads:

> 2. A spiral conveyor as in claim 1 wherein the parallel drive members are at a constant distance from the vertical axis in an upper portion of the drive tower.

78. With reference to the figures of Ashworth's '723 patent, the following paragraphs identify, in non-exhaustive manner, the elements in Ashworth's '723 patent that, on information and belief, correspond to elements of the Accused Products and in turn correspond to the elements of the claims of the '645 patent.

79. As shown in FIG. 1 of Ashworth's '723 patent (below), with respect to claims 1 and 2 of the ‘645 patent, Ashworth makes, uses, offers for sale, and sells Accused Products (1) having a drive tower (10) extending from a bottom (64) to a top (63) and rotatable about a vertical axis (3):




FIG. 1

80. As shown in FIG. 6 of Ashworth's '723 patent (below), each of the Accused Products' drive members (20) extend in length on the periphery of the drive tower (10) from the bottom (64) to the top (63).

81. As shown in FIG. 6 of Ashworth's '723 patent (below), each of the Accused Products' drive members (20) angle outwardly away (93) from the vertical axis toward the bottom in a lower portion (64) of the drive tower (10).

82. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products have a conveyor belt positively driven without slip in a helical path around the drive tower by the drive members engaging an inside edge of the conveyor belt:




FIG. 6

83. As shown in FIG. 1 of Ashworth's '723 patent (below), the Accused Products have parallel drive members (20) that are at a constant distance from the vertical axis (3) in an upper portion of the drive tower (10):




*FIG. 1*

84. For example, claim 3 of the '645 patent reads:

3. A spiral conveyor comprising:

a drive tower extending from a bottom to a top and rotatable about a vertical axis and including a plurality of parallel drive members extending in length from the top to the bottom;

wherein the drive members include outwardly projecting ridges whose distance from the vertical axis varies from the top to the bottom of the drive tower;

wherein the distance of the ridges from the vertical axis increases toward the bottom in a lower portion of the drive tower;

a conveyor belt positively driven without slip on a helical path around the drive tower by the ridges engaging an inside edge of the conveyor belt.

85. Claim 4 of the '645 patent reads:

4. A spiral conveyor as in claim 3 wherein the distance of the ridges from the vertical axis is constant in an upper portion of the drive tower.

86. As shown in FIG. 6 of Ashworth's '723 patent (below), with respect to claims 3 and 4 of the ‘645 patent, Ashworth makes, uses, offers for sale, and sells Accused Products (1) having a drive tower (10) extending from a bottom (64) to a top (63) and rotatable about a vertical axis and including a plurality of parallel drive members (20) extending in length from the top (92) to the bottom (91):




FIG. 6

87. As shown in FIG. 8 of Ashworth's '723 patent (below), each of the Accused Products' drive members (8020) include outwardly projecting ridges (8021) whose distance from the vertical axis varies from the top (8043) to the bottom (8041) of the drive tower (8010).

88. As shown in FIG. 8 of Ashworth's '723 patent (below), in the Accused Products, the distance of the ridges (8021) from the vertical axis increases toward the bottom (8041) in a lower portion of the drive tower (8010):




FIG. 8

89. As shown in FIG. 6 of Ashworth's '723 patent (below), the Accused Products have a conveyor belt positively driven without slip on a helical path around the drive tower by the ridges engaging an inside edge of the conveyor belt:




FIG. 6

90. As shown in FIG. 8 of Ashworth's '723 patent (below), in the Accused Products, the distance of the ridges (8021) from the vertical axis is constant in an upper portion (8043) of the drive tower (8010):




FIG. 8

91. Plaintiffs have suffered irreparable injury by virtue of Ashworth's acts of infringement.

92. Plaintiffs are without an adequate remedy at law.

93. Plaintiffs have also been damaged by Ashworth's acts of infringement in an amount that will be determined after Plaintiffs have had a reasonable opportunity for discovery.

94. Plaintiffs are entitled to a preliminary and permanent injunction and to an award of damages as a consequence of Ashworth's acts of infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant Ashworth as follows:

A. That Ashworth be adjudged to have directly and indirectly infringed, induced infringement, or contributorily infringed, either literally or under the doctrine of equivalents, one or more claims of the '388 patent in violation of 35 U.S.C. § 271(a), (b), (c), and (f);

B. That Ashworth be adjudged to have directly and indirectly infringed, induced infringement, or contributorily infringed, either literally or under the doctrine of equivalents, one or more claims of the '645 patent in violation of 35 U.S.C. § 271(a), (b), (c), and (f);

C. That Ashworth and its officers, principals, agents, attorneys, servants, employees, and all others in active concert or participation with Ashworth, and its successors and assigns, be preliminarily and permanently enjoined from infringement of the '388 patent and the '645 patent, including but not limited to being enjoined from making, using, offering to sell, and selling the Accused Products;

D. That Plaintiffs be awarded damages under 35 U.S.C. § 284, adequate to compensate them for Ashworth's infringement of the '388 patent and the '645 patent, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

E. That Ashworth's infringing actions were undertaken willfully entitling Plaintiffs to an award of enhanced damages;

F. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded their attorneys' fees, costs, and expenses that they incur prosecuting this action;

G. That Plaintiffs be awarded prejudgment interest; and

H. That Plaintiffs be awarded such further relief as the Court may deem just, necessary, and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
araucci@mnat.com

*Attorneys for Plaintiffs Laitram, L.L.C. and Intralox, L.L.C.*

OF COUNSEL:

Arne M. Olson
Matthew De Preter
Shawn E. Duckworth
OLSON & CEPURITIS, LTD.
20 North Wacker Drive, 36th Floor
Chicago, IL 60606-3113
(312) 580-1180

June 19, 2019