**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LAITRAM, L.L.C. and INTRALOX, L.L.C.,<br>Plaintiffs,<br>v.<br>ASHWORTH BROS., INC<br>Defendant. | C.A. No. 19-1130-LPS<br>**JURY TRIAL DEMANDED** |

**DEFENDANT ASHWORTH BROS., INC.'S**
**ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant Ashworth Bros., Inc. ("Ashworth" or "Defendant") hereby files its Answer to Plaintiffs Laitram, L.L.C., and Intralox, L.L.C. (collectively, "Laitram" or "Plaintiffs") Complaint for Patent Infringement ("Complaint"). Ashworth denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following Paragraphs.

**THE PARTIES**

1. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies them.

2. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 2 of the Complaint and, therefore, denies them.

3. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies them.

4. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4 of the Complaint and, therefore, denies them.

5. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies them.

6. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies them.

7. Ashworth admits that it is a corporation organized under the laws of the State of Delaware with its headquarters located at 222 Milliken Boulevard #7, Fall River, Massachusetts.

8. Ashworth admits that it is engaged in the business of manufacturing, distributing, and selling conveyance systems, conveyor belts, and related equipment. Ashworth denies any remaining allegations set forth in Paragraph 8.

9. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies them.

## JURISDICTION AND VENUE

10. Ashworth admits that the complaint purports to be an action for patent infringement under the laws of the United States, 35 U.S.C § 1 *et seq*. Ashworth denies that it has committed acts of infringement, including acts in the District of Delaware or any other judicial district. Ashworth denies any remaining allegations set forth in Paragraph 10.

11. Ashworth admits that this Court has subject matter jurisdiction for patent infringement disputes under 28 U.S.C. §§ 1331 and 1338(a). Ashworth denies any remaining allegations set forth in Paragraph 11.

12. Ashworth admits that 28 U.S.C. §§ 1391(b) and (c) and 1400(b) govern the proper venue for civil actions in United States District Courts. Ashworth admits that the District of Delaware is a proper and convenient venue for this dispute. Ashworth denies that it has committed acts of infringement, including acts in the District of Delaware or any other judicial district. Ashworth denies any remaining allegations set forth in Paragraph 12.

13. Ashworth admits that it is subject to the personal jurisdiction of this Court. Ashworth further admits that it is a corporation organized under the laws of the State of Delaware and that it has a registered agent in Delaware. Ashworth denies any remaining allegations set forth in Paragraph 13 of the Complaint.

**THE PATENTS IN SUIT**

14. Ashworth admits that U.S. Patent No. 10,023,388 (the "'388 patent") was issued by the United States Patent and Trademark Office on July 17, 2018. Ashworth further admits that a copy of what appears to be the '388 Patent was attached to the Complaint as Exhibit A. Ashworth denies any remaining allegations set forth in Paragraph 14.

15. Ashworth admits that the '388 Patent states under Related U.S. Application Data: "Division of application No. 13/805,608, filed as application No. PCT/US2011/043352 on Jul. 8, 2011, now Pat. No. 9,481,523 and a continuation-in-part of application No. 12/834,314 filed on Jul. 12, 2010, now Pat. No. 8,181,771" and "Provisional application 61/479,620, filed on Apr. 27, 2011." Ashworth lacks knowledge or information sufficient to form a belief as to the truth or

accuracy of any of the remaining allegations set forth in Paragraph 15 of the Complaint and, therefore, denies them.

16. Ashworth admits that U.S. Patent No. 10,189,645 (the "'645 patent") was issued by the United States Patent and Trademark Office on Jan. 17, 2018. Ashworth further admits that a copy of what appears to be the '645 Patent was attached to the Complaint as Exhibit B. Ashworth denies any remaining allegations set forth in Paragraph 16.

17. Ashworth admits that the '645 Patent states under Related U.S. Application Data: "Continuation of application No. 15/337,147, filed on Oct. 28, 2016 now, Pat No. 10,023,388 which is a division of application No. 13/805,608, filed as application No. PCT/US2011/043352 on Jul. 8, 2011, now Pat. No. 9,481,523 and a continuation-in-part of application No. 12/834,314 filed on Jul. 12, 2010, now Pat. No. 8,181,771" and "Provisional application 61/479,620, filed on Apr. 27, 2011." Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 17 of the Complaint and, therefore, denies them.

18. Ashworth admits that the '388 Patent and the '645 Patent state "…[t]he invention relates generally to power-driven conveyors and more particularly to spiral conveyors in which a conveyor belt is positively driven in a helical path around a rotating drive tower…" and that "…[c]onveyor belts are often used to convey articles, such as food stuffs and other materials…" Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 18 of the Complaint and, therefore, denies them.

19. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 19 of the Complaint and, therefore, denies them.

20. The allegations in Paragraph 20 state a legal conclusion to which no response is required. To the extent a response is required, Ashworth does not contest that 35 U.S.C. § 282(a) states "[a] patent shall be presumed valid."

21. Ashworth admits that Plaintiffs make, use, sell and offer for sale products with the Direct Drive™ trade name and that certain combinations of these products can be assembled into a conveyor system. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 21 of the Complaint and, therefore, denies them.

## BACKGROUND

22. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 22 of the Complaint and, therefore, denies them.

23. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies them.

24. Ashworth denies that there are any novel features claimed and covered by the '388 or '645 Patents. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 24 of the Complaint and, therefore, denies them.

25. Ashworth admits that it has seen the DirectDrive™ Spiral System on sale in the United States. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 25 of the Complaint and, therefore, denies them.

26. Ashworth admits that it has seen advertisements for the DirectDrive™ Spiral System for use in the food industry. Ashworth denies that "cooling efficiency", "line speed", or "improved quality", "control", or "maintaining product orientation" are elements of any asserted claim. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 26 of the Complaint and, therefore, denies them.

27. Ashworth admits that Plaintiff has included a reproduction of FIG. 1 of the '388 Patent in Paragraph 27. As to the remaining allegations in Paragraph 27, Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the allegations and therefore, denies them.

28. Ashworth admits that both representatives of both Plaintiff and Ashworth have both attended one or more of the same trade shows. As to the remaining allegations in Paragraph 28, Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the allegations and therefore, denies them.

29. Ashworth admits that it has seen the DirectDrive™ Spiral System on sale in the United States. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 29 of the Complaint and, therefore, denies them.

30. Ashworth admits that Plaintiff maintains a website at http://www.intralox.com. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 30 of the Complaint and, therefore, denies them.

31. Ashworth admits that it has seen videos released by Plaintiffs. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 31 of the Complaint and, therefore, denies them.

32. Ashworth admits that it is a sophisticated company with a patent portfolio which includes patents directed to conveyors and conveyor drive systems.

33. Ashworth lacks knowledge or information sufficient to form a belief as to the truth or accuracy of any of the remaining allegations set forth in Paragraph 33 of the Complaint and, therefore, denies them.

34. Ashworth admits that it has been made aware of the patent applications to which the ‘388 and ‘645 Patents claim priority at least as of the service of this Complaint.

35. Ashworth admits that it has been made aware of the ‘388 and ‘645 Patents at least as of the service of this Complaint.

36. Ashworth admits that it makes, uses, offers for sale and sells products under the PosiDrive Spiral Conveyor System trade name. Ashworth denies that it needs authorization from Plaintiffs to make, use, offer for sale, or sell the PosiDrive Spiral Conveyor System, Ashworth also states that Plaintiffs' allegations in this paragraph are insufficient under *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544 (2007) and *Ashcroft v. Igbal*, 556 U.S. 662 (2009), to the extent that Plaintiffs allege infringement by Ashworth with respect to the making, using, offering for sale, or

selling any product other than the PosiDrive Spiral Conveyor System. Ashworth denies all remaining allegations set forth in Paragraph 36 of the Complaint.

37. Ashworth admits that Plaintiff has included a reproduction of FIG. 1 of U.S. Patent 9,884,723 ("the '723 Patent"), assigned to Ashworth, in Paragraph 37. Ashworth denies that there is any merit to Plaintiff's allegation that "the relevant structure of the Accused Products is substantially and accurately described in" the '723 Patent or is depicted in FIG. 1 of the '723 Patent. Ashworth denies all remaining allegations set forth in Paragraph 37 of the Complaint.

38. Ashworth admits that it makes, uses, offers for sale and sells parts of the PosiDrive Spiral Conveyor System. Ashworth further admits that it includes instructions on how to assemble parts of the PosiDrive Spiral Conveyor System. Ashworth denies that it needs authorization from Plaintiffs to make, use, offer for sale, or sell parts of the PosiDrive Spiral Conveyor System, Ashworth also states that Plaintiffs' allegations in this paragraph are insufficient under *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544 (2007) and *Ashcroft v. Igbal*, 556 U.S. 662 (2009), to the extent that Plaintiffs allege infringement by Ashworth with respect to the making, using, offering for sale, or selling any product other than parts of the PosiDrive Spiral Conveyor System. Ashworth denies all remaining allegations set forth in Paragraph 38 of the Complaint.

39. Ashworth admits that the documents attached at Exhibit C to the Complaint purport to contain images of the PosiDrive Spiral Conveyor System. Ashworth denies all remaining allegations set forth in Paragraph 39 of the Complaint.

**COUNT 1**
**INFRINGEMENT OF THE '388 PATENT**

40. Ashworth incorporates by reference its responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Ashworth admits that the picture of the advertisement included in Paragraph 41 purports to be an advertisement of the PosiDrive Spiral Conveyor System and purports to have photographs of certain aspects of the PosiDrive Spiral Conveyor System. Ashworth denies all remaining allegations set forth in Paragraph 41 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Ashworth admits that Paragraph 46 of the Complaint purports to be a recitation of claim 9 of the '388 Patent.

47. Ashworth admits that Paragraph 47 of the Complaint purports to be a recitation of claim 10 of the '388 Patent.

48. Ashworth denies that there is any merit to Plaintiff's allegation that "certain aspects of the Accused Products' elements are in all relevant respects illustrated in the figures contained in Ashworth's '723 Patent." Ashworth denies all remaining allegations set forth in Paragraph 48 of the Complaint.

49. Ashworth denies that any figure or portion of the specification of the '723 Patent or any component identified in figures and specification of the '723 Patent infringes any asserted claim of the '388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. Ashworth denies that there is any merit to Plaintiff's allegation that

"elements in Ashworth's '723 patent…correspond to elements in the Accused Products and in turn correspond to the elements of the claims of the '388 patent". Ashworth denies all remaining allegations set forth in Paragraph 49 of the Complaint.

50. Ashworth incorporates by reference its responses to Paragraphs 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 50, has included a reproduction of FIG. 1 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 1 of the '723 Patent or any component identified in FIG. 1 infringes any asserted claim of the '388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 50 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 50 of the Complaint.

51. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 51, has included a reproduction of FIG. 6 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the '723 Patent or any component identified in FIG. 6 infringes any asserted claim of the '388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 51 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 51 of the Complaint.

52. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 52, has included a reproduction of FIG. 6 and FIG. 9 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 or FIG. 9 of the '723 Patent or any component identified in FIG. 6 or FIG. 9 infringes any asserted

claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 52 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 52 of the Complaint.

53. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 53, has included a reproduction of FIG. 22 of the ‘723 Patent, assigned to Azshworth. Ashworth denies that FIG. 22 of the ‘723 Patent or any component identified in FIG. 22 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 53 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 53 of the Complaint.

54. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 54, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 54 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 54 of the Complaint.

55. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 55, has included a reproduction of FIG. 9 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 9 of the ‘723 Patent

or any component identified in FIG. 9 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 55 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 55 of the Complaint.

56. Ashworth admits that Paragraph 56 of the Complaint purports to be a recitation of claim 11 of the ‘388 Patent.

57. Ashworth admits that Paragraph 57 of the Complaint purports to be a recitation of claim 12 of the ‘388 Patent.

58. Ashworth admits that Paragraph 58 of the Complaint purports to be a recitation of claim 13 of the ‘388 Patent.

59. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 59, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 59 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 59 of the Complaint.

60. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 60, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘388 Patent. Ashworth

denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 60 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 60 of the Complaint.

61. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 61, has included a reproduction of FIG. 11 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 11 of the '723 Patent or any component identified in FIG. 11 infringes any asserted claim of the '388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 61 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 61 of the Complaint.

62. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 62, has included a reproduction of FIG. 8 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 8 of the '723 Patent or any component identified in FIG. 8 infringes any asserted claim of the '388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 62 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 62 of the Complaint.

63. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 63, has included a reproduction of FIG. 9 of the '723 Patent, assigned to Ashworth. Ashworth denies that FIG. 9 of the '723 Patent

or any component identified in FIG. 9 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 63 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 63 of the Complaint.

64. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 64, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 64 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 64 of the Complaint.

65. Ashworth incorporates by reference its responses to Paragraphs 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 65, has included a reproduction of FIG. 23 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 23 of the ‘723 Patent or any component identified in FIG. 23 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 65 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 65 of the Complaint.

66. Ashworth incorporates by reference its responses to Paragraph 49 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 66, has included a reproduction of

FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘388 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 66 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 66 of the Complaint.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**COUNT 2**
**INFRINGEMENT OF THE ‘645 PATENT**

71. Ashworth incorporates by reference its responses to Paragraphs 1 through 70 as though fully set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Ashworth admits that Paragraph 76 of the Complaint purports to be a recitation of claim 1 of the ‘645 Patent.

77. Ashworth admits that Paragraph 77 of the Complaint purports to be a recitation of claim 2 of the ‘645 Patent.

78. Ashworth denies that any figure or portion of the specification of the ‘723 Patent or any component identified in figures and specification of the ‘723 Patent infringes any asserted

claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. Ashworth denies that there is any merit to Plaintiff’s allegation that “elements in Ashworth’s ‘723 patent…correspond to elements in the Accused Products and in turn correspond to the elements of the claims of the ‘645 patent”. Ashworth denies all remaining allegations set forth in Paragraph 78 of the Complaint.

79. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 79, has included a reproduction of FIG. 1 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 1 of the ‘723 Patent or any component identified in FIG. 1 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 79 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 79 of the Complaint.

80. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 80, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 80 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 80 of the Complaint.

81. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 81, has included a reproduction of

FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 81 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 81 of the Complaint.

82. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 82, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 82 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 82 of the Complaint.

83. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 83, has included a reproduction of FIG. 1 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 1 of the ‘723 Patent or any component identified in FIG. 1 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 83 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 83 of the Complaint.

84. Ashworth admits that Paragraph 84 of the Complaint purports to be a recitation of claim 3 of the ‘645 Patent.

85. Ashworth admits that Paragraph 85 of the Complaint purports to be a recitation of claim 4 of the ‘645 Patent.

86. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 86, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 86 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 86 of the Complaint.

87. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 87, has included a reproduction of FIG. 8 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 8 of the ‘723 Patent or any component identified in FIG. 8 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 87 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 87 of the Complaint.

88. Ashworth incorporates by reference its responses to Paragraphs 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 88, has included a reproduction of FIG. 8 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 8 of the ‘723 Patent

or any component identified in FIG. 8 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 88 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 88 of the Complaint.

89. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 89, has included a reproduction of FIG. 6 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 6 of the ‘723 Patent or any component identified in FIG. 6 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 89 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 89 of the Complaint.

90. Ashworth incorporates by reference its responses to Paragraph 78 as though fully set forth herein. Ashworth admits that Plaintiff, in Paragraph 90, has included a reproduction of FIG. 8 of the ‘723 Patent, assigned to Ashworth. Ashworth denies that FIG. 8 of the ‘723 Patent or any component identified in FIG. 8 infringes any asserted claim of the ‘645 Patent. Ashworth denies that it has engaged in any acts that infringe any claim of the Asserted Patents. The remaining allegations in Paragraph 90 rest on a legal question of claim construction which the Court has not resolved and Ashworth denies all remaining allegations set forth in Paragraph 90 of the Complaint.

91. Denied.

92. Denied.

93. Denied.

94. Denied,

## PRAYER FOR RELIEF

95. Ashworth denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to, the relief sought in paragraphs A-H of Plaintiffs' Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise have, Ashworth hereby asserts the following affirmative defenses and incorporates by reference its preceding responses to Paragraphs 1-95 as if fully set forth herein in each affirmative defense. Ashworth reserves the right to amend its Answer to include additional affirmative defenses consistent with facts discovered during the course of further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
## (Invalidity of the '388 Patent)

96. U.S. Patent No. 10,023,388 ("the '388 Patent") is invalid for failing to comply with at least one of the requirements for patentability set forth in the patent laws of the United States, 35 U.S.C. § 1, et. seq., including but not limited to 35 U.S.C. §§ 102, 103, and/or 112. For example and without limitation, the asserted claims of the '388 Patent are anticipated or rendered obvious by relevant prior art, including but not limited to the prior art of record during prosecution of the '388 Patent, prior art not of record during prosecution of the '388 Patent, and/or additional prior art that will be discovered during the course of further investigation and discovery. Additionally and by further example, the asserted claims of the '388 Patent fail to meet the requirements of patentability under 35 U.S.C. § 112, including but not limited to the enablement, written description, and definiteness requirements.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of the ‘645 Patent)**

97. U.S. Patent No. 10,189,645 (“the ’645 Patent”) is invalid for failing to comply with at least one of the requirements for patentability set forth in the patent laws of the United States, 35 U.S.C. § 1, et. seq., including but not limited to 35 U.S.C. §§ 102, 103, and/or 112. For example and without limitation, the asserted claims of the ‘645 Patent are anticipated or rendered obvious by relevant prior art, including but not limited to the prior art of record during prosecution of the ‘645 Patent, prior art not of record during prosecution of the ‘645 Patent, and/or additional prior art that will be discovered during the course of further investigation and discovery. Additionally and by further example, the asserted claims of the ‘645 Patent fail to meet the requirements of patentability under 35 U.S.C. § 112, including but not limited to the enablement, written description, and definiteness requirements.

**THIRD AFFIRMATIVE DEFENSE**
**(Non-Infringement of the ‘388 Patent)**

98. Ashworth has not infringed and is not infringing, directly, indirectly, willfully or otherwise, any valid and/or enforceable claim of the ‘388 Patent because, for example and without limitation, the Ashworth accused products do not meet every element in any valid and/or enforceable claim of the ‘388 Patent as properly construed.

**FOURTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of the ‘645 Patent)**

99. Ashworth has not infringed and is not infringing, directly, indirectly, willfully or otherwise, any valid and/or enforceable claim of the ‘645 Patent because, for example and without limitation, the Ashworth accused products do not meet every element in any valid and/or enforceable claim of the ‘645 Patent as properly construed.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and Disclaimer)**

100. By reason of positions taken during prosecution of the '388 Patent and/or '645 Patent, and under the doctrines of prosecution history estoppel and/or prosecution history disclaimer, Plaintiffs are estopped and otherwise barred from asserting that any of the asserted claims of the '388 Patent and/or '645 Patent covers, either literally or by the doctrine of equivalents, any accused products.

**SIXTH AFFIRMATIVE DEFENSE**
**(Marking)**

101. Any claim for damages for alleged infringement of the '388 Patent and/or '645 Patent, if any, is limited by 35 U.S.C. § 287 to damages occurring only after notice of infringement because, for example and without limitation, products have not been properly marked pursuant to 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief Unavailable)**

102. Plaintiffs are not entitled to injunctive relief because, among other things, any alleged injury is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships does not warrant injunctive relief, and injunctive relief would be contrary to the public interest.

**RESERVATION OF RIGHTS AS TO ADDITIONAL AFFIRMATIVE DEFENSES**

103. Ashworth specifically reserves the right to allege and assert such other and further affirmative defenses that may be accorded to it under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that now exist or in the future and that may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counterclaimant Ashworth Bros., Inc. ("Defendant" or "Ashworth") alleges the following counterclaims against Plaintiffs Laitram L.L.C., and Intralox, L.L.C. (collectively, "Laitram" or "Plaintiffs") as follows:

## PARTIES

104. Ashworth is a corporation organized under the laws of the State of Delaware with its headquarters located at 222 Milliken Boulevard #7, Fall River, Massachusetts.

105. On information and belief based solely on Paragraph 1 of the Complaint, Laitram, L.L.C. ("Laitram") is a limited liability company organized and existing under the laws of the state of Louisiana and having a principal place of business at 200 Laitram Lane, Harahan, Louisiana 70123.

106. On information and belief based solely on Paragraph 2 and 3 of the Complaint, Intralox L.L.C. ("Intralox") is a wholly owned subsidiary of Laitram and is a limited liability company organized and existing under the laws of the state of Louisiana and having a principal place of business at 200 Laitram Lane, Harahan, Louisiana 70123

## JURISDICTION AND VENUE

107. This Court has personal jurisdiction over Laitram. Laitram is a named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint (D.I. 1) against Ashworth.

108. Plaintiffs have charged Ashworth with infringement of U.S. Patent No. 10,023,388 ("the '388 Patent") and U.S. Patent No. 10,189,645 ("the '645 Patent"). Ashworth has denied the charges of infringement and has alleged that the patents are invalid.

109. Subject to Ashworth's defenses and denials, Ashworth alleges that this Court has subject matter jurisdiction over the subject matter of these Counterclaims, without limitation, pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

110. Venue is appropriate in this District over these Counterclaims because Laitram has consented to the propriety of venue in this Court by filing its Complaint in this Court, in response to which these Counterclaims are asserted.

111. Based on Plaintiff's filing of its Complaint and Ashworth's answer and affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Ashworth and Laitram regarding the non-infringement and invalidity of the '388 and '645 Patents.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('388 PATENT)**

112. Ashworth incorporates Paragraphs 104 through 111 of its Counterclaims as though fully set forth herein.

113. Ashworth has not infringed and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '388 Patent.

114. Ashworth is entitled to a declaratory judgment that it has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '388 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT ('645 PATENT)**

115. Ashworth incorporates Paragraphs 104 through 114 of its Counterclaims as though fully set forth herein.

116. Ashworth has not infringed and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ‘645 Patent.

117. Ashworth is entitled to a declaratory judgment that it has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ‘645 Patent.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY (‘388 PATENT)**

118. Ashworth incorporates Paragraphs 104 through 117 of its Counterclaims as though fully set forth herein.

119. Claims 9-13 of the ‘388 Patent are invalid because they fail to meet one or more requirements set forth in 35 U.S.C. §§ 102, 103, or 112.

120. For example claims 9-13 of the ‘388 Patent are at least invalid for obviousness in view of the teachings in U.S. Patent Nos. 6,062,375 and 3,348,659.

121. U.S. Patent No. 6,062,375 to Pupp et al (“Pupp”) was published on May 16, 2000 and is prior art to the ‘645 Patent.

122. U.S. Patent No. 3,348,659 to Roinestad (“Roinestad”) was published on October 24, 1967 and is prior art to the ‘645 Patent.

123. U.S. Patent No. 5,375,695 to Daringer et al (“Daringer”) was published on December 27, 1994 and is prior art to the ‘645 Patent.

124. Each of Pupp, Roinestad, and Daringer are directed to conveyor systems and would be known to one of ordinary skill in the art of the ‘388 Patent.

125. Claim 9 of the ‘388 Patent reads as follows: A spiral conveyor comprising: a drive tower extending from a bottom to a top and rotating about a vertical axis; a plurality of parallel drive members extending in length from the bottom to the top of the drive tower; wherein each

of the drive members includes an outwardly projecting ridge whose distance from the vertical axis varies from the bottom to the top of the drive tower; and wherein each drive member includes a lower segment at the bottom of the drive tower and wherein the ridge in the lower segment is tapered along a portion of its length; a conveyor belt positively driven without slip on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt.

126. Claim 10 of the '388 Patent reads as follows: A spiral conveyor as in claim 9 wherein the distance of the ridge from the vertical axis in the lower segment is constant below the portion that is tapered.

127. Claim 11 of the '388 Patent reads as follows: A spiral conveyor comprising: a drive tower extending from a bottom to a top and having a vertical axis of rotation; a plurality of parallel drive members extending in length from the bottom to the top of the drive tower; wherein each of the drive members includes a ridge projecting radially outward to an outer edge; wherein each of the drive members includes a lower segment at the bottom of the drive tower and an upper segment extending from the lower segment toward the top of the drive tower; wherein the distance of the outer edge of the ridge from the vertical axis of rotation is a first distance in the upper segment and the distance of the outer edge of the ridge from the vertical axis of rotation is a greater second distance in a lower portion of the lower segment; a conveyor belt positively driven on a helical path around the drive tower by the ridges of the drive members engaging an inside edge of the conveyor belt.

128. Claim 12 of the '388 Patent reads as follows: A spiral conveyor as in claim 11 wherein the distance of the outer edge of the ridge from the vertical axis of rotation in an upper

portion of the lower segment increases from the first distance at the upper segment to the greater second distance at the lower portion of the lower segment.

129. Claim 13 of the ‘388 Patent reads as follows: A spiral conveyor as in claim 12 wherein the distance of the outer edge of the ridge from the vertical axis of rotation in the upper portion of the lower segment increases linearly from the first distance to the greater second distance.

130. As shown below in FIGS, 1 and 5 and described in the text of Pupp, for example, Pupp teaches and/or describes a drive tower (drum 1) extending from a bottom to a top and rotating about a vertical axis of rotation (vertical center shaft 4, 4’):

FIG. 1
(PRIOR ART)




FIG. 5

F




131. As shown below in FIGS. 5 and 6 and described in the text of Pupp, for example, Pupp teaches and/or describes a plurality of parallel drive members (strips 10) extending in length from the bottom to the top of the drive tower (drum 1):

FIG.5




FIG.6




132. As shown below in FIGS. 5, 6, and 8 and described in the text of Pupp, for example, Pupp teaches and/or describes each of the drive members (strips 10) including an outwardly projecting ridge:

FIG.5



FIG.6



FIG.8




133. As shown below in FIG. 1 and described in the text of Roinestad, for example, Roinestad teaches and/or describes drive towers (upright frusto-conical driving drums 12 and 13) each of which is tapered in the direction of belt travel axially of the drum and whose distance from the vertical axis varies from the bottom to the top of the drive tower:




FIG. I

134. As shown and/or described in the text of Daringer, one of ordinary skill in the art at the time of the alleged invention in the ‘388 Patent would understand that a teaching and/or description of cylindrical surfaces would also include a teaching and/or description of conical or tapered surfaces, viewed in a plane which includes the axis of rotation.

135. It would have been obvious to one of ordinary skill in the art to modify the projecting ridge of Pupp in view of Roinestad as a mere design choice in view of the level of ordinary skill in the art as demonstrated by the teachings of Daringer, to provide a projecting ridge whose distance from the vertical axis varies from the bottom to the top of the drive tower (drum).

136. As shown below in FIGS 11-13 and described in the text of Roinestad, each drive member (rod 304) includes a lower segment at the bottom of the drive tower (drum 301) wherein the ridge in the lower segment of the drive member (rod 304) is tapered along a portion of its length:

Fig. 11.




Fig. 13.







Fig. 12.

137. As shown below in FIG 1 and described in the text of Pupp, the prior art conveyor belt (2) coped with the circumferential friction usually by a driving engagement from a positive engagement between the drum and the inside of the conveyor belt along the helical path.

FIG. 1
(PRIOR ART)




138. As shown below in FIGS. 11 and 12 and described in the text of Roinestad, for example, Roinestad taught a spiral conveyor where there were upper and lower segments of the drive member (rod 304) wherein the distance from the vertical axis in the lower segments of the drive member (rod 304) is constant below that which is tapered and taught and wherein the distance from the vertical axis to the lower segment is not equal to the distance from the vertical axis to the upper segment. Particularly, the distance of the vertical axis to the outer edge of the upper segment of rod 304 could be either larger or smaller than the distance of the vertical axis to the outer edge of the lower segment of rod 304. Even more particularly the distance of the vertical axis to the outer edge of the upper segment of rod 304 increased linearly along the vertical axis until the distance of the vertical axis to the outer edge of the upper segment equals the distance from the vertical axis to the outer edge of the lower segment of rod 304.

Fig. 11.







Fig. 12.

139. Ashworth is entitled to a declaratory judgment that claims 9-13 of the ‘388 Patent are invalid.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY (‘645 PATENT)**

140. Ashworth incorporates Paragraphs 104 through 137 of its Counterclaims as though fully set forth herein.

141. Claims 1-4 of the ‘645 Patent are invalid because they fail to meet one or more requirements set forth in 35 U.S.C. §§ 102, 103, and 112.

142. Claim 1 of the ‘645 Patent reads as follows: A spiral conveyor comprising: a drive tower extending from a bottom to a top and rotatable about a vertical axis; a plurality of parallel drive members extending in length on the periphery of the drive tower from the bottom to the top; wherein the parallel drive members angle outwardly away from the vertical axis toward the bottom in a lower portion of the drive tower; a conveyor belt positively driven without slip in a helical path around the drive tower by the drive members engaging an inside edge of the conveyor belt.

143. Claim 2 of the ‘645 Patent reads as follows: A spiral conveyor as in claim 1 wherein the parallel drive members are at a constant distance from the vertical axis in an upper portion of the drive tower.

144. Claim 3 of the ‘645 Patent reads as follows: A spiral conveyor comprising: a drive tower extending from a bottom to a top and rotatable about a vertical axis and including a plurality of parallel drive members extending in length from the top to the bottom; wherein the drive members include outwardly projecting ridges whose distance from the vertical axis varies from the top to the bottom of the drive tower wherein the distance of the ridges from the vertical axis increases toward the bottom in a lower portion of the drive tower; a conveyor belt positively driven without slip on a helical path around the drive tower by the ridges engaging an inside edge of the conveyor belt.

145. Claim 4 of the ‘645 Patent reads as follows: A spiral conveyor as in claim 3 wherein the distance of the ridges from the vertical axis is constant in an upper portion of the drive tower.

146. As shown below in FIGS. 1 and 5 and described in the text of Pupp, for example, Pupp teaches and/or describes spiral conveyor with a drive tower (drum 1) extending from a bottom to a top and rotating about a vertical axis of rotation (vertical center shaft 4) wherein the conveyor belt follows a helical path through a plurality of turns:







147. As shown below in FIG. 5 and described in the text of Pupp, for example, Pupp teaches and/or describes a plurality of parallel drive members (strips 10) extending in length on the periphery of the drive tower from the top to the bottom.




148. As shown below in FIGS. 11-13 and described in the text of Roinestad, for example, Roinestad teaches and/or describes parallel drive members (tapered rods 304) that

angle outwardly away from the vertical axis in a lower portion (closer to the bottom of the drive tower) of the drive tower where drive members (tapered rods 304) have projecting ridges whose distance from the vertical axis is not constant from the top to the bottom of the drive tower and actually increases in a lower portion that is toward the bottom of the drive tower.

Fig. 11.







Fig. 12.

Fig. 13.




149. It would have been obvious to one of ordinary skill in the art to modify the drive members of Pupp in view of Roinestad as a mere design choice in view of the level of ordinary

skill in the art as demonstrated by the teachings of Daringer to provide drive members that angle outwardly from the vertical axis in a lower portion of the drive tower.

150. As described in the text of Pupp, for example, Pupp teaches and/or describes a conveyor belt that is positively driven in a helical path around the drive tower by the drive members engaging an inside edge of the conveyor belt.

151. As shown below in FIGS. 11 and12 and in the text of Roinestad, for example, Roinestad teaches and/or describes that the parallel drive members (rods 304) are at a constant distance from the vertical axis in an upper portion of the drive tower.

Fig. 11.




152. Ashworth is entitled to a declaratory judgment that claims 1-4 of the ‘645 Patent are invalid.

**REQUEST FOR RELIEF**

Wherefore, Ashworth respectfully requests that the Court enter judgment in Ashworth’s favor by granting the following relief:

(a) dismissing Plaintiffs' Complaint for Patent Infringement against Ashworth in its entirety, with prejudice;

(b) declaring that Ashworth has not directly infringed any claim in the '388 Patent or the '645 Patent, literally or under the doctrine of equivalents;

(c) declaring that Ashworth has not indirectly infringed any claim in the '388 Patent or the '645 patent, literally or under the doctrine of equivalents;

(d) declaring that all asserted claims of the '388 Patent and the '645 Patent are invalid and/or unenforceable;

(e) denying Plaintiffs any and all relief;

(f) declaring that this is an exceptional case under 35 U.S.C. § 285, and awarding Ashworth its costs, attorneys' fees, and expenses;

(g) awarding Ashworth its costs of suit as the prevailing party; and

(h) awarding to Ashworth such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Pro. 38(b), Ashworth demands a trial by jury for all issues so triable.

Dated: September 4, 2019

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903) [kpascale@ycst.com]
Robert M. Vrana (#5666) [rvrana@ycst.com]
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Defendant Ashworth Bros., Inc.*

*Of Counsel:*

Robert F. Altherr, Jr.
Christopher B. Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 4, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by e-mail:

***Attorneys for Laitram, L.L.C. and Intralox, L.L.C.:***

Jack B. Blumenfeld — *jblumenfeld@mnat.com*
Anthony D. Raucci — *araucci@mnat.com*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Arne M. Olson — *aolson@olsonip.com*
Matthew De Preter — *mdepreter@olsonip.com*
Shawn E. Duckworth — *sduckworth@olsonip.com*
OLSON & CEPURITIS, LTD.
20 N. Wacker Drive, 36th Floor
Chicago, IL 60606

September 4, 2019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen L. Pascale
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Robert M. Vrana (#5666) *[rvrana@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600

*Attorneys for Defendant, Ashworth Bros., Inc.*